UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------- x
DOMINGO MEJIA ROQUE, DARIS
AMILCA CORNELIO, and D&D
SUPERMARKET, LLC,

     Plaintiffs,

  -against-

UNITED STATES OF AMERICA and THOMAS
VILSACK, Secretary of the United States
Department of Agriculture,

     Defendants.
------------------------------------------------------------- x

**MEMORANDUM & ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

3:21-CV-823 (VDO)

**VERNON D. OLIVER**, United States District Judge:

The United States Department of Agriculture ("USDA" or "Agency"), following a determination that the plaintiffs engaged in trafficking of Supplemental Nutrition Assistance Program ("SNAP") benefits, sanctioned the plaintiffs with a permanent disqualification from participating in SNAP. The plaintiffs seek judicial review of the administrative decision. Before the Court is the defendants' motion for summary judgment under Federal Rule of Civil Procedure 56. For the following reasons, Defendants' motion for summary judgment is **GRANTED**.

**I. BACKGROUND**

The following facts are taken from Defendants' Local Rule 56(a)1 Statement of Undisputed Material Facts ("Defs.' 56(a)," ECF No. 23-2), the First Amended Complaint ("FAC," ECF No. 9-2), and the administrative record ("A.R.," ECF No. 23-5). The facts are recounted "in the light most favorable to" Plaintiffs, the non-movants. *Torcivia v. Suffolk*

*Cnty.*, 17 F.4th 342, 345 (2d Cir. 2021). The facts as described below are in dispute only to the extent indicated.

Plaintiff D&D Supermarket LLC ("D&D") was established on or about January 13, 2016 by its principals, Domingo S. Mejia Roque and Daris Amilca Cornelio ("Plaintiff Owners"). (FAC ¶ 11.) D&D owns and operates a convenience store known as D&D Supermarket #1 (the "Store"), located at 179 Mather Street, Hartford, CT 06120-2336. (Defs.' 56(a) ¶ 1; FAC ¶¶ 6, 7.) The Plaintiff Owners are members of D&D. (FAC ¶ 6.)

Defendants, through the USDA Food and Nutrition Service ("FNS"), analyzed the Store's Electronic Benefit Transfer ("EBT") transaction records between November 2017 and April 2018. (Defs.' 56(a) ¶ 2.) In September 2018, Plaintiff Owners received a letter charging the Store with trafficking, as defined by 7 C.F.R. § 271.2, based on an analysis of the repetitive patterns of EBT transactions for November 2017 through April 2018 (the "Charge Letter"). (*Id.* ¶¶ 19, 24; ECF No. 23-5 at 285.) The Charge Letter flagged 50 transactions totaling $2,423.79 in SNAP benefits, to be suspect given the Store's lack of: 1) fresh meat other than the deli, 2) bundles or specials, or 3) high-priced items other than tubs of ice cream and formula. (Defs.' 56(a) ¶ 23.) The Charge Letter also flagged 473 transactions that ranged from $33.47 to $165.89 for an average of $48.29 per transaction, which was 519% higher than the average Hartford County convenience store transaction. (*Id.* ¶ 22.)

Plaintiffs denied the allegations in the Charge Letter and notified FNS that they were making a Freedom of Information Act ("FOIA") request for specific documents. (*Id.* ¶ 25.) After processing the FOIA request, FNS sent a notice allowing Plaintiff Owners to submit additional information in response to the Charge Letter, which they did by letter dated December 21, 2020. (*Id.* ¶ 26.) The Plaintiff Owners offered explanations for the transaction

2

data flagged by FNS, including that (1) households allowed multiple family members to use one card; (2) SNAP customers had bad life skills preventing them from properly managing their benefits (*Id.* ¶ 30); and (3) the Store was large and well-stocked with quality, and in some cases, expensive goods. (*Id.* ¶ 31.) The Plaintiff Owners requested a civil monetary penalty ("CMP") in lieu of disqualification. (*Id.* ¶ 32.)

FNS then issued a Retailer Reply, which noted, among other things, that the receipts presented by the Store could not conclusively prove any transactions were legitimate because many contained the general descriptions of "FS Non-Tax Grocery" or "FS Grocery" in lieu of the identity of a specific item. (*Id.* ¶¶ 35, 36.) Several of the receipts also listed SNAP-ineligible items (such as sandwiches made at the Store deli), even though the total purchase was supposedly made using SNAP benefits. (*Id.* ¶ 40.)

In January 2021, FNS issued a Determination Letter, which informed the Plaintiff Owners that it affirmed the finding of trafficking and imposed a permanent disqualification. (*Id.* ¶¶ 44, 45.) The Determination Letter stated that the Store was ineligible for a CMP because the Plaintiff Owners failed to submit sufficient evidence to demonstrate that the Store had established and implemented an effective compliance program to prevent violations of SNAP. (*Id.* ¶ 46.)

The Plaintiff Owners' former counsel, Attorney Aponte, sent a letter to the Agency's Administrative Review Branch, requesting administrative review of the trafficking determination. (*Id.* ¶ 47.) By email dated February 16, 2021, Attorney Aponte provided a letter in support of the Store's request for administrative review. (*Id.* ¶ 48.) On May 17, 2021, the Agency issued a final decision sustaining the decision to permanently disqualify Plaintiffs

from SNAP for trafficking based on irregular SNAP transactions that occurred between November 2017 and April 2018. (*Id.* ¶ 52; FAC ¶ 20.)

In June 2021, Plaintiffs filed their complaint in federal court seeking judicial review of the Agency's final decision. (ECF No. 1.) Plaintiffs filed the First Amended Complaint on November 24, 2021. (ECF No. 9-2.) Defendants filed an answer on November 26, 2021. (ECF No. 10.) On July 8, 2022, Defendants moved for summary judgment (ECF No. 23.) Plaintiffs opposed, and Defendants replied. (ECF Nos. 41, 43.)

## II.   LEGAL STANDARD

In ruling on summary judgment, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A material fact is one that would 'affect the outcome of the suit under the governing law,' and a dispute about a genuine issue of material fact occurs 'if the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party.'" *Aetna Life Ins. Co. v. Big Y Foods, Inc.*, 52 F.4th 66, 72 (2d Cir. 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)) (alteration in original). "No genuine dispute of material fact exists when 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *McKinney v. City of Middletown*, 49 F.4th 730, 738 (2d Cir. 2022) (quoting *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001)). The burden is on the moving party to establish the absence of any genuine issue of material fact. *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010).

"Once the moving party demonstrates that there are no genuine issues of material fact, the nonmoving party 'must come forth with evidence sufficient to allow a reasonable jury to

4

find in [its] favor.'" *Roe v. City of Waterbury*, 542 F.3d 31, 35–36 (2d Cir. 2008) (quoting *Brown v. Henderson*, 257 F.3d 246, 251 (2d Cir. 2001)) (alteration in original). A court must "view the evidence in the light most favorable to the party opposing summary judgment, draw all reasonable inferences in favor of that party, and eschew credibility assessments." *New York v. Mountain Tobacco Co.*, 942 F.3d 536, 541 (2d Cir. 2019) (internal citation and quotation marks omitted).

## III.  DISCUSSION

Defendants assert that summary judgment is warranted as a reasonable factfinder could only conclude that there was trafficking of SNAP benefits and that the decision to permanently disqualify Plaintiffs is not arbitrary and capricious.

The USDA may permanently disqualify a store upon the first occasion of SNAP benefits trafficking. *Timsina v. United States*, 835 F. App'x 633, 636 (2d Cir. 2020) (citing 7 U.S.C. § 2021(b)(3)(B)). Trafficking is defined to include "buying, selling, stealing, or otherwise effecting an exchange of SNAP benefits . . . for cash or consideration other than eligible food[.]" 7 C.F.R. § 271.2. An agency's finding of trafficking may be based on "on-site investigations, inconsistent redemption data, or evidence obtained through a transaction report under an electronic benefit transfer system." 7 U.S.C. § 2021(a)(2).

### A.  Burden of Proof on Liability

As a threshold matter, the Court must determine which party bears the burden of proof during judicial review. A retailer that "feels aggrieved" by the USDA's final administrative determination is authorized to seek judicial review. 7 U.S.C. § 2023(a)(13). Judicial review of the USDA's decision to disqualify a retailer from the SNAP Program "shall be a trial *de novo* by the court in which the court shall determine the validity of the questioned administrative

action in issue." 7 U.S.C. § 2023(a)(15). "If the court determines that such administrative action is invalid, it shall enter such judgment or order as it determines is in accordance with the law and the evidence." 7 U.S.C. § 2023(a)(16).

Defendants contends that Plaintiffs bear the burden of proving by a preponderance of the evidence that the Agency's action was invalid. Plaintiffs assert that the legislative history shows that Congress intended for the Agency, which had the burden to show that Plaintiffs engaged in trafficking during the administrative action, to again bear the burden to prove its case in a full evidentiary fashion that disqualification is appropriate.

Plaintiffs' assertion is unavailing: The Supreme Court has held that the touchstone of the inquiry into the burden of proof under a statutory cause of action is the statute. *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56 (2005). The plain text of "Section 2023 does not clearly specify which party bears the burden of proof in the review of a disqualification action." *Nadia Int'l Mkt. v. United States*, 689 F. App'x 30, 33 n.1 (2d Cir. 2017). And the Second Circuit has not yet interpreted the Food Stamp Act to determine "whether the [plaintiff] must prove by a preponderance of the evidence that the disqualification decision 'is invalid' or the government must prove 'the validity of the questioned administrative action.'" *Timsina*, 835 F. App'x at 635 n.2 (quoting 7 U.S.C. § 2023)).

Where there is no guidance in a statue regarding the burden of proof, there is a "default rule that plaintiffs bear the risk of failing to prove their claims." *Schaffer*, 546 U.S. at 56. In *Schaffer*, the Court interpreted the Individuals with Disabilities Education Act to determine which party bore the burden of proving a student was entitled to services under that statute after a school district denied those services. *Id.* After determining that the statute provided no guidance, the Court noted that:

6

> The burdens of pleading and proof with regard to most facts have been and should be assigned to the plaintiff who generally seeks to change the present state of affairs and who therefore naturally should be expected to bear the risk of failure of proof or persuasion.

*Id.* (quoting 2 J. Strong, McCormick on Evidence § 337, p. 412 (5th ed. 1999)). The Court also noted that "[p]erhaps the broadest and most accepted idea is that the person who seeks court action should justify the request, which means that the plaintiffs bear the burdens on the elements in their claims." *Id.* (quoting C. Mueller & L. Kirkpatrick, Evidence § 3.1, p. 104 (3d ed. 2003)).

In view of the Supreme Court's default rule, the Court finds that the appropriate allocation of the burden of the proof during judicial review of an agency's finding of trafficking of SNAP benefits rests on "where it usually falls, upon the party seeking relief." *Id.* at 58. Accordingly, Plaintiffs, the ones seeking judicial review of the final decision, must prove by a preponderance of the evidence that the Agency's disqualification decision is invalid under 7 U.S.C. § 2023(a)(16). This holding is fully consistent with the decisions of every Court of Appeals who have considered this issue as a matter of first impression. *See, e.g.*, *Euclid Mkt. Inc. v. United States Through United States Dep't of Agric.*, 60 F.4th 423, 428 (8th Cir. 2023) (collecting cases). Moreover, there is also a clear trend with district courts in this Circuit toward imposing the burden of proof on the plaintiff. *See Duchimaza v. United States*, 211 F. Supp. 3d 421, 428 (D. Conn. 2016) (collecting cases); *Loma Deli Grocery Corp. v. United States*, No. 20-CV-7236 (JPC), 2021 WL 4135216, at *6 (S.D.N.Y. Sept. 10, 2021) (same).

The plain meaning of "trial *de novo*" in the Food Stamp Act does not lead to a contrary result. "[A] *de novo* trial does not mean *de novo* legal review." *1413 Ave. J Supermarket, Inc. v. United States*, No. 15-CV-7307 (CBA), 2017 WL 11575688, at *5 (E.D.N.Y. Sept. 30,

2017). In a trial *de novo*, the record in the district court, not the record before the agency, is what counts. *Ibrahim v. United States*, 834 F.2d 52, 54 (2d Cir. 1987). Therefore, in reviewing liability, a court "must reach its own factual and legal conclusions based on the preponderance of the evidence, and should not limit its consideration to matters previously appraised in the administrative proceedings." *Nadia Int'l*, 689 F. App'x at 33 (citation omitted). While the Court must go beyond determining whether an administrative decision is supported by substantial evidence, nothing in the plain text or the structure of the Food Stamp Act's *de novo* review provision guides the Court to conclude that it must allocate the burden of proof on the Agency again, therefore ignoring the existence of the administrative decision.

> **B.** **The USDA's Finding of Trafficking Is Supported**

Plaintiffs have not presented evidence to raise a triable issue on the Agency's finding of trafficking. "[T]he Government may permanently disqualify a retailer on the basis of EBT data." *Duchimaza*, 211 F. Supp. 3d at 432. In fact, it is "entirely proper for FNS to rely on transaction data alone in making its trafficking determination." *Nadia Int'l Mkt.*, 689 F. App'x at 33 (citing 7 U.S.C. § 2021(a)(2) (allowing the disqualification of a participating store based on "on-site investigations, inconsistent redemption data, or evidence obtained through a transaction report under an electronic benefit transfer system")).

In this case, based on the undisputed evidence, including the transaction data identified by the Agency, a reasonable factfinder could only conclude that the Agency's finding of trafficking is valid. The record shows "compelling evidence of trafficking[,]" including "large, successive transactions made by a single household in a short period of time." *Brothers Grocery & Deli Corp. v. United States*, No. 20-CV-6961 (JCM), 2021 WL 4443723, at *10 (S.D.N.Y. Sept. 28, 2021). For example, the Agency flagged 473 transactions that ranged from

8

$33.47 to $165.89 for an average of $48.29 per transaction, which was 519% higher than the average Hartford County convenience store transaction. (Defs.' 56(a) ¶ 22.) In light of the Store's lack of: 1) fresh meat other than the deli, 2) bundles or specials, or 3) high-priced items other than tubs of ice cream and formula (*id.* ¶ 23), the Court finds that Plaintiffs "lacked the high-priced inventory . . . needed to process sales at the . . . total dollar value indicated on the transaction reports." *Nadia Int'l*, 689 F. App'x at 33. The "plethora of nearby stores suggests that [the Store's] higher-than-average transaction amounts are indicative of trafficking, particularly in light of the store's limited stock." *Nova Grocery, Inc. v. United States*, No. 20-CV-2150 (KAM) (MMH), 2022 WL 2657119, at *5 (E.D.N.Y. July 8, 2022). The Store's transactions were 519% higher than the average Hartford County convenience store transaction, of which there were 52 other SNAP-authorized convenience stores within two miles. (Defs.' 56(a) ¶¶ 15, 22.) Moreover, receipts from the Store listed SNAP-ineligible items (such as sandwiches made at the Store deli), even though the total purchase was supposedly made using SNAP benefits. (*Id.* ¶ 40.)

      Attempting to demonstrate that the Agency's finding of trafficking was erroneous, Plaintiffs argue that the Agency did not speak to any of Plaintiffs' customers regarding their purchases so as to confirm trafficking. (Pls. Mem., ECF No. 41-1, at 21.) And Roque affirms that he "never trafficked in food stamps, nor ever benefitted from trafficking." (Roque Aff., ECF No. 41-1, at 245.) But it is not unreasonable for the Agency to base its trafficking finding on circumstantial evidence. "As the Second Circuit has 'emphasized time and again', including in this precise context, circumstantial evidence 'is of no lesser probative value than direct evidence.'" *Nova Grocery*, 2022 WL 2657119, at *5 (quoting *Timsina*, 835 F. App'x at 637). Moreover, "it is well-settled that a party cannot create a triable issue of fact merely by stating

in an affidavit the very proposition they are trying to prove." *Loma Deli*, 2021 WL 4135216, at *9 (internal quotation marks omitted) (collecting cases).

Accordingly, in light of the abundant circumstantial evidence in the record, Plaintiffs have failed to raise a triable issue of fact on the Agency's determination that Plaintiffs engaged in trafficking.

### C. The USDA's Sanction of Permanently Disqualifying Plaintiffs Was Not Arbitrary and Capricious

There is insufficient evidence in the record to show a triable issue over whether the permanent disqualification was arbitrary and capricious.

"The standard of review for the imposition of a [food stamp program] sanction is a determination whether the Secretary's action was arbitrary or capricious, *i.e.,* whether it was unwarranted in law or without justification in fact.'" *El Tepeyac Grocery, Inc. v. United States*, 515 F. App'x 55, 56 (2d Cir. 2013) (quoting *Willy's Grocery v. United States*, 656 F.2d 24, 26 (2d Cir. 1981)) (alteration in original); *see also Lawrence v. United States*, 693 F.2d 274, 276 (2d Cir. 1982) (where the sole issue before the court was "whether the imposition of a one-year suspension as a penalty was arbitrary and capricious" because the appellant conceded the violation had occurred). A sanction is not arbitrary or capricious "when the agency properly adheres to its own settled policy and guidelines." *Kawran Bazar, Inc. v. United States*, 721 F. App'x 7, 9 (2d Cir. 2017); *see also Castillo v. United States*, 989 F. Supp. 413, 417 (D. Conn. 1997) ("A sanction is not arbitrary and capricious if the agency properly adheres to its own regulations and guidelines in imposing a sanction.") (internal citation omitted).

The penalty for trafficking in SNAP benefits is permanent disqualification from the program unless a retailer qualifies for a civil money penalty. 7 C.F.R. § 278.6(e)(1)(i). The

10

Agency has discretion to impose a civil money penalty in lieu of permanent disqualification "if the Secretary determines that there is substantial evidence that [the] store or food concern had an effective policy and program in effect to prevent violations[.]" 7 U.S.C. § 2021(b)(3)(B). Four criteria must be established by substantial evidence:

> Criterion 1. The firm shall have developed an effective compliance policy as specified in [the regulations]; and
>
> Criterion 2. The firm shall establish that both its compliance policy and program were in operation at the location where the violation(s) occurred prior to the occurrence of violations cited in the charge letter sent to the firm; and
>
> Criterion 3. The firm had developed and instituted an effective personnel training program as specified in [the regulations]; and
>
> Criterion 4. Firm ownership was not aware of, did not approve, did not benefit from, or was not in any way involved in the conduct or approval of trafficking violations; or it is only the first occasion in which a member of firm management was aware of, approved, benefited from, or was involved in the conduct of any trafficking violations by the firm.

7 C.F.R. § 278.6.

Plaintiffs have failed to present evidence that satisfies the regulatory standards. Plaintiffs' submissions to the Agency in response to the Charge Letter included photographs of the store, federal tax documents, and selected receipts. (Defs.' 56(a) ¶ 28.) Missing from the record are "dated training curricula" or contemporaneous training records, which could "vest FNS to impose the lesser sanction of a CMP." *E. Vill. New Deli Corp. v. United States*, No. 20-CV-7356 (PAE), 2021 WL 5507048, at *10 (S.D.N.Y. Nov. 23, 2021).

During this action, even after discovery had completed and Plaintiffs being given an opportunity to supplement the record, Plaintiffs have simply failed to submit evidence that created a genuine dispute of material fact. Plaintiffs' attempt to reverse the Agency's decision rests on an affidavit from one of its own parties, who asserts that "all the employees in the

11

store were familiar with SNAP rules" and that he "never trafficked in food stamps, nor ever benefitted from trafficking." (Roque Aff. at 245.) A single affidavit purporting to prove that employees were trained falls short of the exacting standards in the regulations requiring a party to establish it qualified for a civil money penalty through substantial evidence. *Rosario v. United States*, No. 3:14-CV-00907 (RNC), 2017 WL 4316093, at *4 (D. Conn. Sept. 27, 2017).

"Because plaintiff[s] failed to submit substantial evidence in accordance with the regulations, the sanction of permanent disqualification was mandatory." *Id.* (collecting cases). At bottom, the decision to permanently disqualify Plaintiffs from SNAP was not arbitrary and capricious because the Agency followed its regulations to determine whether the plaintiffs qualified for a civil money penalty in lieu of a permanent disqualification.

D. **Plaintiffs Abandoned the Remaining Claims**

Plaintiffs also brought claims alleging violations of the Administrative Procedure Act and the Due Process Clause of the Fifth Amendment. (FAC, Claims 4, 5.) Plaintiffs, through counsel, presented no legal argument in response to Defendants' arguments for dismissal of these claims. (*See generally* ECF No. 41-1; *see also* ECF No. 23-1 at 27, 28.) Accordingly, the Court deems these claims abandoned. *See Jackson v. Fed. Exp.*, 766 F.3d 189, 198 (2d Cir. 2014) ("[I]n the case of a counseled party, a court may, when appropriate, infer from a party's partial opposition that relevant claims or defenses that are not defended have been abandoned."); *see also Nova Grocery*, 2022 WL 2657119, at *8 (deeming Plaintiff's Administrative Procedure Act and Due Process claims abandoned). Even if not abandoned, the APA and procedural due process claims fail in light of the *de novo* review provision of 7 U.S.C. § 2023(a)(15) providing for adequate judicial review in court. *Id.* The substantive due process claim similarly fails because disqualification from participating in SNAP, such as here,

"comports with the strong governmental interests in reducing food stamp abuse and in administering the program for the primary beneficiaries, namely, the SNAP recipients." *E. Vill. New Deli Corp.*, 2021 WL 5507048, at *11 (cleaned up).

## IV.     CONCLUSION

For the reasons described above, Defendants' motion for summary judgment (ECF No. 23) is **GRANTED**. Judgment is entered in the defendants' favor. As there are no remaining claims, the Clerk is directed to close this case.

**SO ORDERED.**

Hartford, Connecticut
May 13, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge